**IT IS ORDERED**

**Date Entered on Docket: December 16, 2022**



_____
**The Honorable David T. Thuma**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

IN RE:

SHERRY LYNN AUCKLAND

Debtor.                  Case No. 13-17-12750-TR

## STIPULATED ORDER MODIFYING THE AUTOMATIC STAY
## AND PROVIDING FOR THE ABANDONMENT OF PROPERTY

This matter came before the Court on the Motion for Relief from Automatic Stay for the Abandonment of Property to Lakeview Loan Servicing, LLC, filed on October 20, 2022, (DOC 133) (the "Motion") by Lakeview Loan Servicing, LLC ("Creditor"), and the Debtor's Objection to Motion for Relief (the "Objection") filed on November 10, 2022 (DOC 135). The Court, having reviewed the record, the Motion, the Objection and being otherwise sufficiently informed, FINDS:

a.     On October 20, 2022, Creditor served the Motion and a notice of the Motion (the "Notice") on Arun A Melwani, Attorney for Debtor and Tiffany M. Cornejo, Trustee (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtor Sherry Lynn Auckland, by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

b.     The Motion relates to the property located at 2407 Hillcrest Street Carlsbad, New Mexico 88220, more fully described as:

> LOT 4, BLOCK 1, HEATHER SUBDIVISION, TO THE CITY OF CARLSBAD, EDDY COUNTY, NEW MEXICO, AS SHOWN ON THE OFFICIAL PLAT THEREOF ON FILE IN THE OFFICE OF THE COUNTY CLERK OF EDDY COUNTY, NEW MEXICO.

including any improvements, fixtures, and attachments, such as, but not limited to, mobile homes (the "Property").  If there is a conflict between the legal description and the street address, the legal description shall control.

c.     The Notice provided for an objection deadline of 21 days from the date of service of the Notice, to which three days was added pursuant to Bankruptcy Rule 9006(f);

d.     The Notice was sufficient in form and content;

e.     The objection deadline expired on November 14, 2022;

f.     On November 10, 2022 the Debtor filed an Objection to the Motion;

g.     As of December 7, 2022, no other party in interest filed an objection to the Motion;

h.     The Court being advised of both the Debtor's and the Trustee's consent to the relief requested herein and their approval as to the form of this Order; and the Court having

considered the Creidtor's Motion, now enter this Order modifying the automatic stay and providing for the abandonment of property in the event of default.

The parties stipulate and agree to the following terms:

1.      The Debtor will cure the post-petition payment amounts due on Creditor's Note (the "Note") and Mortgage for September 1, 2022 through December 1, 2022, being Three (3) payments of $950.46 each, plus One (1) payment of $998.64 each, plus bankruptcy attorney fees and costs incurred due to the default of $1,319.38, minus a suspense balance of $623.80, **for a total post-petition payment arrearage amount through December 1, 2022 of $4,545.60**.

2.      The first payment of $757.60 is due by January 15, 2023, the second payment of $757.60 is due by February 15, 2023, the third payment of $757.60 is due by March 15, 2023, the fourth payment of $757.60 is due by April 15, 2023, the fifth payment of $757.60 is due by May 15, 2023, and the final payment of $757.60 is due by June 15, 2023.  **Remittance of full and timely payment amounts under this payment schedule will cure and satisfy the current total post-petition payment arrearage amount of $4,545.60**.  These payments shall include the loan number and will be made in certified funds and will be delivered to:

> LoanCare, LLC
> PO Box 8068
> Virginia Beach, VA 23450

The Debtor shall continue to make their regular monthly mortgage payments in the current amount of $998.64 as they come due (unless otherwise notified by Creditor), commencing with the January 1, 2023 payment and continuing thereafter.

3.      In the event the Debtor fails to tender a payment as due and required by this Order, the movant may file a Notice of Default with the Court, which will be mailed to the Debtor and sent by electronic notification to Debtor's counsel.  The Debtor will have ten (10)

days from the filing of a Notice of Default to cure the default. There will be $100.00 in attorney's fees associated with the filing of any such Notice. **The Debtor will only receive two (2) such Notices**. If the Debtor fails to cure the default, including the payment of the above described attorney's fees, within ten (10) days from the filing of a Notice of Default, then upon the movant's filing of an Affidavit of Default, the automatic stay effectuated by Debtor's bankruptcy filing will be lifted as ordered herein, so that Creditor may avail itself to the rights and remedies afforded under its Note and Mortgage, including but not limited to the right to foreclose against the property if available under State Law.

4.     **In the event that the Debtor defaults a third time, the movant may immediately proceed with the filing of its Affidavit of Default, thereby terminating the automatic stay and abandoning the subject property as ordered herein, so that Creditor may avail itself to the rights and remedies afforded under its Note and Mortgage, including but not limited to the right to foreclose against the property if available under State Law**.

5.     In the event the Debtor defaults and upon proper notice of the default to the Trustee, the Trustee shall immediately cease making payments to Creditor pursuant to the Debtors' Chapter 13 Plan, and future payments, if any, will only be made by the Trustee pursuant to an Amended Proof of Claim filed by Creditor for any unsecured deficiency balance.

IT IS, THEREFORE, THE ORDER OF THIS COURT:

That in accordance with the above agreed upon terms, upon the movant's filing of an Affidavit of Default and pursuant to Section 362(d) of Title 11 of the United States Code (the "Bankruptcy Code"), the automatic stay of Section 362(a) of the Bankruptcy Code is hereby lifted as to the real property identified in Creditor's Note and Mortgage. Said property is located

at 2407 Hillcrest Street, Carlsbad, New Mexico 88220 (the "Property"), more fully and completely described as:

> LOT 4, BLOCK 1, HEATHER SUBDIVISION, TO THE CITY OF CARLSBAD, EDDY COUNTY, NEW MEXICO, AS SHOWN ON THE OFFICIAL PLAT THEREOF ON FILE IN THE OFFICE OF THE COUNTY CLERK OF EDDY COUNTY, NEW MEXICO.

including any improvements, fixtures, and attachments, such as, but not limited to, mobile homes. If there is a conflict between the legal description and the street address, the legal description shall control.

That upon default by the Debtor and proper notice of the default to the Trustee, the Property is hereby abandoned pursuant to Section 554 of the Bankruptcy Code, and Creditor may avail itself to the rights and remedies afforded under the Note and Mortgage, including but not limited to the right to foreclose against the Property if available under State Law.

That upon default by the Debtor and proper notice of the default to the Trustee, the Trustee shall cease making payments to Creditor pursuant to Debtor's Chapter 13 Plan, and any future payment and/or deficiency owed by the Debtor to Creditor after sale of the Property shall be set forth in an Amended Proof of Claim filed by Creditor and shall be subject to the Bankruptcy Code should this bankruptcy continue. If the Note and the obligation therein are fully satisfied and there remain any money-proceeds from the sale of the Property, then such monies will be paid to the Trustee for the benefit of the estate.

That upon the Debtor's default, the filing of the movant's Affidavit of Default, and the termination of the automatic stay and the abandonment of the subject property as provided herein, Fed. R. Bankr. P. 4001(a)(3) is not applicable and/or is waived and Creditor may

immediately enforce and implement relief from the automatic stay and foreclose on the subject property if available under State Law.

This Stipulated Order (the applicable payment and default terms herein) shall remain effective, upon conversion to another chapter bankruptcy.

XXX END OF ORDER XXX

SUBMITTED BY:

ROSE RAMIREZ & ASSOCIATES, P.C.

By  */s/Elizabeth Dranttel e-signed*
    Elizabeth Dranttel
    Attorneys for Lakeview Loan Servicing, LLC
    7430 Washington Street, NE
    Albuquerque, NM 87109
    Telephone: (505) 833-3036
    Facsimile: (505) 833-3040
    E-mail: elizabeth.dranttel@RRAfirm.com

APPROVED BY:

MELWANI LAW P.C./UPRIGHT LAW L.L.C.

By *concurrence received via e-mail 12.14.22*
    Arun A Melwani
    Attorney for Debtor
    10749 Prospect Ave NE Ste F
    Albuquerque, NM 87112-3281
    Telephone: 505-323-5800
    arun@melwanilaw.com

By *approved as to form 12.14.22*
    Tiffany M. Cornejo, Trustee
    625 Silver Avenue SW Suite 350
    Albuquerque, NM 87102-3111
    Telephone: (505) 243-1335
    orders@ch13nm.com

COPY TO:

Sherry Lynn Auckland,
Debtor
2407 Hillcrest Street
Carlsbad, NM 88220